IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOURDES GONZALEZ RUIZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAD F. WOLF, Acting Secretary, ) <br> DEPARTMENT OF HOMELAND SECURITY, ) <br> KENNETH CUCCINELLI, Senior Official ) <br> Performing the Duties of Director, U.S. ) <br> CITIZENSHIP & IMMIGRATION SERVICES, ) <br> and ROBERT GUARDIAN, Director, Chicago ) <br> Field Office, IMMIGRATION AND CUSTOMS ) <br> ENFORCEMENT, ) <br> ) <br> Defendants. ) | Case No. 20 C 4276 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION & ORDER**

Plaintiff Lourdes Gonzalez Ruiz filed a one count complaint against Chad Wolf, Acting Secretary of the Department of Homeland Security, Kenneth Cuccinelli, Senior Official Performing the Duties of Director of the United States Citizenship & Immigration Services ("USCIS"), and Robert Guardian, Field Director of Immigration and Customs Enforcement ("ICE"). Plaintiff filed this action pursuant to the Administrative Procedure Act ("APA") and the Mandamus Act, requesting the court find USCIS's delay in adjudicating plaintiff's U-Visa application unreasonable. Defendants have moved to dismiss. (Doc. 7). For the reasons stated below, that motion is granted in part and denied in part.

1

**BACKGROUND**

**1) The U-Visa Classification**

In 2000, Congress amended the Immigration and Nationality Act ("INA"), creating a new non-immigrant visa classification known as the "U-Visa" for any alien who is the victim of a qualifying crime in the United States and who assists law enforcement in the investigation or prosecution of that crime. Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464 (2000) (codified at 8 U.S.C. § 1101(a)(15)(U)). USCIS, a department within the Department of Homeland Security, is the agency responsible for adjudicating visa applications. 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14(c)(1). To qualify for a U-Visa, an applicant must submit the U-Visa Petition and show that she has "suffered substantial physical or mental abuse as a result of having been a victim" of a qualifying crime in the United States, has "credible and reliable information" about the crime, and "has, is, or is likely to provide assistance to the investigation or prosecution of the" criminal activity. 8 C.F.R. § 214.14(b). USCIS has the sole discretion to grant or deny a U-Visa. 8 U.S.C. § 1101(a)(15)(U). If a petitioner's application is granted, the petitioner receives a U-Visa and work authorization that lasts four years. 8 U.S.C. § 1184(p)(3).

The number of aliens who may receive a U-Visa is capped at 10,000 per fiscal year. 8 U.S.C. § 1184(p)(3). In 2007, the USCIS created a regulatory waiting list program to respond to the backlog[1] of U-Visa applications. 8 C.F.R. § 214.14(d)(2). Once the fiscal year limit is reached, "[a]ll eligible petitioners who, due solely to the cap, are not granted [U-Visa] nonimmigrant status <u>must</u> be placed on a waiting list and receive written notice of such placement." <u>Id.</u> (emphasis added). "This results in two separate waiting periods and two

---

[1] According to the defendants' brief, USCIS has received more than 30,000 new U-Visa petitions in each fiscal year since 2015. By the end of fiscal year 2019, there were 151,758 U-Visa petitions pending.

adjudications for each petitioner—one for placement on the waiting list and one to receive a U-Visa." Calderon-Ramirez v. McCament, 877 F.3d 272, 274 (7th Cir. 2017). While on the waiting list, USCIS "will grant deferred action or parole to [U-Visa] petitioners" on removal, and "in its discretion, may authorize employment for such petitioners and qualifying family members." 8 C.F.R. § 214.14(d)(2). In addition, and pursuant to governing regulations, DHS "may" but is not required to, grant a stay of removal proceedings while a U-Visa application is pending. 8 U.S.C. § 1227(d). There are no benefits for petitioners whose cases have not yet been placed on the waiting list.

**2) Plaintiff's Suit**

On January 5, 2020, police apprehended plaintiff during a routine traffic stop. ICE responded to the scene, where plaintiff was found with two minor passengers, a large amount of money, a ledger, a handgun, and a magazine loaded with .22 caliber ammunition. Plaintiff was taken into custody and charged by complaint with unlawful reentry after removal, in violation of 8 U.S.C. § 1326. Plaintiff was ordered detained pending resolution of that criminal case. She was convicted on July 10, 2020, and on July 31, 2020, plaintiff was removed from the United States. Plaintiff had been deported on six other occasions: once in 1999 and on five separate occasions in 2013.[2] She has remained in Mexico since the July 31, 2020, removal, separated from her wife and two children who live in the United States.

Several years earlier, in 2015, plaintiff's daughter was sexually assaulted by a family member. Plaintiff reported the crime to law enforcement, and the state's attorney filed a criminal complaint charging repeated sexual assault of a child in the Dane County Circuit Court on July 5, 2016. Following her detention by ICE in January 2020, plaintiff filed a U-Visa petition as an

---

[2] In 2013, plaintiff was convicted of unlawful reentry and subsequently removed.

indirect victim of a qualifying crime. Her application, dated February 12, 2020, was accompanied by an application seeking a discretionary waiver of her prior removal orders and criminal convictions. Defendants maintain that Plaintiff did not request an expedited U-Visa application. Plaintiff alleges that only ICE can request an expedited U-Visa application (an allegation defendants contest) and that ICE failed to do so.

On July 15, 2020, after her conviction for unlawful reentry, plaintiff requested a stay of removal by ICE. ICE denied that request on July 21, 2020. That same day, plaintiff filed the instant complaint, seeking an order from this court that USCIS has failed to place plaintiff on the waiting list within a reasonable amount of time as required by the APA. The complaint additionally requests a mandamus order compelling USCIS to make a waitlist determination for plaintiff's petition.

## LEGAL STANDARD

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For purposes of a motion to dismiss under either Rule, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. Scanlan v. Eisenberg, 669 F.3d 838, 841 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Tamayo v. Blagojevich, 525 F.3d 1074, 1081 (7th Cir. 2008). A Rule 12(b)(1) motion, in contrast, challenges federal jurisdiction, and the plaintiff bears the burden of establishing that the elements necessary for jurisdiction have been met. Scanlan, 669 F.3d at 841-42. "In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction." Garcia v. Dep't of Homeland Security, 2019 WL

4

7290556, at *3 (N.D. Ill. Dec. 30, 2019) (citing Mutter v. Madigan, 17 F.Supp.3d 752, 756 (N.D. Ill. 2014)).

## DISCUSSION

Plaintiff alleges that defendants failed to comply with their statutory obligation to process plaintiff's U-Visa petition and to place her on the waiting list within a reasonable time, in violation of the APA, 5 U.S.C. § 555(b). Defendants first argue that the court lacks jurisdiction under the APA to review plaintiff's claim, and, in the alternative, that plaintiff has failed to state a claim that the delay is unreasonable.

**1) Jurisdiction**

The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA, however, prohibits judicial review of agency action if, (1) a statute "precludes judicial review," or (2) "the agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); Norton v. Southern Utah Wilderness All., 542 U.S. 55, 64 (2004). Defendants argue that this court lacks jurisdiction under the APA to review plaintiff's claim because the requested action is committed to agency discretion by § 1252(a)(2)(B)(ii) of the INA. Defendants assert that the pace of adjudication for U-Visas is discretionary and therefore unreviewable.

It is undisputed that "[t]he decision whether to grant a U Visa is statutorily committed to the discretion of the Secretary of Homeland Security and is exercised through USCIS." L.D.G. v. Holder, 744 F.3d 1022, 1024 (7th Cir. 2014) (internal citations omitted). Congress designated USCIS as the agency responsible for "[a]djudication of immigrant visa petitions." 6 U.S.C. § 271(b)(1). "Accordingly, the USCIS has a nondiscretionary statutory duty to adjudicate U

Visas." M.L.J v. McAleenan, 420 F.Supp.3d 588, 596-597 (W.D. Tex. 2019) (finding that "USCIS has a nondiscretionary duty to adjudicate U Visas within a reasonable time"); see also, Calderon-Ramirez v. McCament, 877 F.3d 272, 276 (7th Cir. 2017) (noting that "both parties agree that USCIS has a duty to process [petitioner's U-Visa] application"); Patel v. Cissna, 400 F.Supp.3d 1373, 1383 (M.D. Ga. 2019) ("There is no dispute that Defendants are required by law to decide whether to place Plaintiff on the waiting list and have not done so.").

When presented with a similar jurisdictional question for habeas petitions, the Supreme Court emphasized that a discretionary decision to grant or deny an application is separate and distinct from the nondiscretionary duty to adjudicate those applications. I.N.S. v. St. Cyr, 533 U.S. 289, 307-08 (2001). The Supreme Court's reasoning applies with full force to the instant case. See, for example, McAleenan, 420 F.Supp.3d at 596-597 (citing I.N.S. v. St. Cyr, to find that "USCIS has a nondiscretionary duty to adjudicate U Visas within a reasonable time"); Saini v. USCIS, 553 F.Supp.2d 1170, 1176 (E.D. Cal. 2008) (concluding that "the duty to act on an application, as opposed to what action will be taken, is not discretionary on the part of the USCIS"); Nigmadzhanov v. Mueller, 550 F.Supp.2d 540, 546 (S.D.N.Y 2008) ("Of course, the Attorney General has unfettered (and hence, unreviewable) discretion whether to grant or deny an application. However, one cannot infer from that the existence of discretion to never decide it at all.").

Defendants argue that the pace of adjudication of U-Visas is, in fact, discretionary because the INA and related regulations do not provide a timeline for how quickly USCIS must adjudicate such visas. However, "a lack of a timeframe alone does not render the statute optional." Rodriguez v. Nielsen, 2018 WL 4783977, at *7 (E.D.N.Y. Sept. 30, 2018). As one district court reasoned, "[t]he absence of a specified deadline within which an action must be

6

taken does not change the nature of USCIS's obligation from one that is ministerial to a matter within the agency's discretion." Saini, 553 F.Supp.2d at 1176. Although the INA does not specify the timeframe within which a decision on a U-Visa petition must be made, "by necessary implication the adjudication must occur within a reasonable period of time, since a contrary position would permit the USCIS to delay indefinitely, a result Congress could not have intended." Id.

Finally, and in addition to the statutory requirement to adjudicate U-Visas, the regulations promulgated under the INA provide that, "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive notice of such placement." 8 C.F.R. § 214.14(d)(2) (emphasis added). Defendants have failed to explain how this provision is not mandatory.

Based on the foregoing, the court finds that the USCIS has a nondiscretionary duty to adjudicate U-Visas within a reasonable time, and therefore the court has jurisdiction under the APA. See McAleen, 420 F.Supp.3d at 597 (finding that "USCIS has a nondiscretionary duty to adjudicate U Visas within a reasonable time, and therefore the Court has jurisdiction under the APA to review Plaintiff's APA claim that the USCIS failed to adjudicate Plaintiff's U Visas 'within a reasonable time'"); Patel, 400 F.Supp.3d at 1383-84 (finding the same). As one district court stated, "[USCIS] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." Kim v. Ashcroft, 430 F.Supp.2d 384, 389 (S.D.N.Y. 2004). Consequently, defendants' motion to dismiss plaintiff's claim for lack of jurisdiction is denied.

7

**2) APA Relief**

Defendants have additionally moved to dismiss for failure to state a claim under Rule 12(b)(6), arguing that plaintiff has failed to show that there is an unreasonable delay in her case. Defendants note that plaintiff waited over three years after the qualifying crime against her daughter to file her petition for a U-Visa and failed to request an expedited application. Defendants lastly argue that the average processing time for a U-Visa application is 57 months, and plaintiff's alleged delay is a mere seven months.

In assessing claims of an egregious agency delay under § 555(b) of the APA, courts apply the six-factor test first articulated in Telecomm. Research & Action Ctr. v. F.C.C. ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984) (internal citations omitted):

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Defendants, relying on this six-factor test, argue that plaintiff cannot satisfy all six factors, and thus plaintiff's claim fails as a matter of law. However, at this early stage, the court has insufficient information with which to evaluate these factors. "[T]he Court finds that it is premature to address these factors at the motion to dismiss stage and before discovery has been completed." McAleen, 420 F.Supp.3d at 597; see also Haus v. Nielsen, 2020 WL 1035870, at *4 (N.D. Ill. Feb. 23, 2018) ("the court is dealing only with [petitioner's] complaint; the government has not been called upon to offer any sort of explanation for the delay…the Court is

8

not prepared to hold on a motion to dismiss for failure to state a claim that the three-year delay in reviewing [petitioner's] U visa petitions for placement on the waiting list is reasonable as a matter of law"); Patel, 400 F.Supp.3d at 1383-84 (declining to evaluate the TRAC factors on a motion to dismiss plaintiff's unreasonable delay in adjudicating a U-Visa claim, stating, "The Court also refuses to accept Defendant's implicit invitation to rely upon evidence outside the pleadings at the motion to dismiss stage"). Consequently, the court finds that plaintiff's complaint alleges enough facts to state a claim to relief that is plausible on its face. Defendants' motion to dismiss is denied.

**3) Mandamus Relief**

A district court may issue a writ of mandamus to compel an officer or agency of the federal government to perform a duty owed to the petitioner. 28 U.S.C. § 1361. Mandamus relief is warranted if the petitioner can demonstrate that the following three conditions are met: (1) plaintiff has a clear right to the relief sought, (2) the defendant has a duty to perform the act in question, and (3) no other adequate remedy is available. Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002). "A petitioner who seeks relief for immigration delays under the Mandamus Act and the APA must make essentially the same showing for both claims." McAleen, 420 F.Supp.3d at 597.

There is no dispute that plaintiff has a clear right to adjudication of her petition for a U-Visa—first, to determine if she is eligible for the waiting list, and second, to determine if she is eligible for a U-Visa when one becomes available. However, in light of Seventh Circuit precedent, plaintiff's request for a writ of mandamus must be denied.

First, a plaintiff can seek relief under the Mandamus Act only when there is no other remedy available to her. See Cheney v. United States Dist. Court for D.C., 542 U.S. 367, 380

(2004). Because "the APA provides a remedy for unlawfully delayed agency action, mandamus is not necessary for relief." McAleen, 420 F.Supp.3d at 597. Plaintiff is already pursuing her remedies under the APA. This alone is a sufficient basis to deny mandamus relief.

Second, the Seventh Circuit decided a similar case in which a U-Visa applicant sought a writ of mandamus and relief under the APA based on USCIS's delay in evaluating his petition for placement on the U-Visa waiting list. Calderon-Ramirez v. McCament, 877 F.3d 272, 274 (7th Cir. 2017). The petitioner in that case had been waiting over eighteen months for USCIS to act on his petition. The Seventh Circuit determined that the plaintiff not only had a right to have his U-Visa petition evaluated for placement on the waiting list, but also a right to have that adjudication take place within a reasonable period of time. Id. In light of the significant backlog of U-Visa petitions, however, the appellate court explained that it was necessary to determine whether plaintiff had a right "to skip ahead" of other petitions who filed a U-Visa application before him. Id. The court noted that plaintiff set forth no set of facts that differentiated him from other U-Visa petitioners who had been waiting even longer to be placed on the waitlist. Because there was nothing in the record that suggested that the plaintiff's wait time had been "any more unreasonable than other petitioners waiting in the same line," the Seventh Circuit concluded that he had no right to immediate adjudication of his petitions and thus there was no reason to grant mandamus relief. Id. at 276.

The court understands the hardship for a U-Visa applicant to have to wait years simply for the opportunity to be placed on a waiting list for a visa. The court further understands that "it is cold comfort to know that there are others who have been waiting even longer than he or she has." Haus v. Nielsen, 2020 WL 1035870, at *3 (N.D. Ill. Feb. 23, 2018). However, the Seventh Circuit has made it clear that this is a significant consideration in determining whether a writ of

mandamus is warranted in a given case. Like the plaintiff in Calderon-Ramirez, plaintiff in this case has not set forth any facts that would distinguish her from other U-Visa applicants who have filed before her but are also still waiting for their petitions to be processed. Plaintiff has failed to allege sufficient facts to establish that she possesses a right to "skip ahead of other petitioners." Calderon-Ramirez, 877 F.3d at 275. Thus, a writ of mandamus is not warranted.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted with respect to mandamus relief and denied in all other respects. Defendants are directed to answer the complaint on or before December 24, 2020. The parties are directed to file a joint status report using this court's form on or before January 7, 2021.

**ENTER:**     **November 13, 2020**

_____
Robert W. Gettleman
United States District Judge